**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Shelton E. WHITE,
Defendant–Appellant.**

No. 89–1143.

United States Court of Appeals,
Sixth Circuit.

Argued June 13, 1989.

Decided Oct. 12, 1989.

Juanita Temple (argued), Office of the U.S. Atty., Detroit, Mich., for U.S.

Thomas V. Wilhelm (argued), Birmingham, Mich., for Shelton Eli White.

Before KENNEDY, GUY and NORRIS, Circuit Judges.

PER CURIAM.

Shelton Eli White was arrested on May 26, 1988, on charges of making threats to assassinate the President of the United States in violation of 18 U.S.C. § 871. The following day he appeared before Magistrate Lynn Hooe, who ordered him detained at the Wayne County, Michigan jail pending trial. On May 31, the government made an oral motion to determine White's competency to stand trial. Finding that there existed reasonable cause to believe that White was incompetent to stand trial, Magistrate Hooe granted the motion, and ordered that White be examined by Newton Jackson, a psychologist, at the Federal Correctional Institution at Milan, Michigan, and that Dr. Jackson submit a report of his findings to the court.

Dr. Jackson's report, filed on or about June 22, 1988, stated that White was clearly aware of the nature and object of the proceedings against him, but that he lacked the ability to cooperate in his own defense. The report included a recommendation that White be found incompetent to stand trial. A hearing was subsequently held, at which Dr. Jackson testified as to his findings. On June 30, Magistrate Hooe found White incompetent to stand trial and ordered him taken to the Federal Medical Center at Rochester, Minnesota, for psychotherapy and evaluation. The magistrate also ordered that a report be submitted to the court within sixty days "stating the present psychological status of the defendant."

White arrived at the Medical Center on July 21. While in residence at the Center, White was examined by Dr. James Janecek. In a report dated September 14, 1988, Janecek indicated that White was incompetent to stand trial and that, even if he received the proper treatment, it was unlikely that White would be competent for two or three years. On November 4, White was returned to the Wayne County jail and placed in the custody of the United States Marshal.

During his commitment at Rochester, White filed suit against Magistrate Hooe, the prosecutor, and others. Magistrate Hooe therefore recused himself, and the matter was reassigned to Magistrate Virginia Morgan. On December 22, Magistrate Morgan held a hearing, at which Dr. Janecek testified that with proper treatment White could become competent to stand trial within a reasonable period of time. White also testified, indicating that he understood the nature of the proceedings against him and was able to assist in the preparation of his defense. Magistrate Morgan ordered White examined by an outside psychiatrist and set another hearing for December 29.

A hearing was held on December 29, although White failed to provide testimony from an outside psychiatrist. In response to an inquiry of the magistrate, White's attorney represented that White was able to assist in his own defense. At the conclusion of the hearing, Magistrate Morgan found White competent. However, she reserved the right to redetermine the issue of competency upon review of an independent psychiatrist's report, which White was ordered to provide the court within thirty days. The magistrate ordered White held until February 6, 1989, by which time the government was to indict White or dismiss the complaint, stating: "If I were to find White competent, that would force the government into the position of either dismissing the complaint or proceeding to indictment and giving Mr. White the process that he is due on these charges."

On January 17, 1989, an indictment was returned charging White with making threats to assassinate the President in violation of 18 U.S.C. § 871. White filed a motion for bond, and on January 23 a hearing was held on the motion before Judge Paul Gadola. At the hearing, the government moved for another competency evaluation. In an order dated January 27, the district court found that there was reasonable cause to believe that White was suffering from a mental disease or defect rendering him incompetent to stand trial. Accordingly, the court ordered that White be taken into the custody of the Attorney General for a period not to exceed four months for a determination of whether, in the foreseeable future, White would gain the capacity to permit trial to proceed. The district court, however, issued an order preventing transfer of White to a medical facility pending the outcome of an appeal. White now appeals the district court's order.

The question presented in this appeal is whether the district court properly considered the issue of competency at the hearing on bond, when a determination that White was competent to stand trial had been reached by the magistrate and had not been appealed by the government. A subsidiary question concerns whether the district court correctly applied the federal statute governing the competency proceedings.

Congress completed an overhaul of the process for determining the competency of a defendant to stand trial as a part of the modernization of federal criminal law which culminated in the Comprehensive Crime Control Act of 1984. The key provision on mental competency is now 18 U.S.C. § 4241, which has replaced the former § 4244. The enactment of § 4241, a comprehensive provision detailing the standards and procedures for finding an individual mentally incompetent, provides a committing court with a strict process to which it must adhere for a competency determination to be valid.

In structuring the process for this determination, Congress recognized that it was bound by the parameters of the Due Process Clause. On the one hand, the con-

viction of a legally incompetent defendant violates due process. *Pate v. Robinson,* 383 U.S. 375, 378, 86 S.Ct. 836, 838, 15 L.Ed.2d 815 (1966). On the other, commitment based on incompetency requires not only a finding that the individual does not have the capacity to stand trial, but also a determination that there is a substantial probability that the individual will attain the capacity in the foreseeable future. *Jackson v. Indiana,* 406 U.S. 715, 738, 92 S.Ct. 1845, 1858, 32 L.Ed.2d 435 (1972). Thus, Congress achieved a careful balance in enacting § 4241. This section reads:

(a) Motion to determine competency of defendant.—At any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant, the defendant or the attorney for the Government may file a motion for a hearing to determine the mental competency of the defendant. The court shall grant the motion, or shall order such a hearing on its own motion, if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

(b) Psychiatric or psychological examination and report.—Prior to the date of the hearing, the court may order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court, pursuant to the provisions of section 4247(b) and (c).

(c) Hearing.—The hearing shall be conducted pursuant to the provisions of section 4247(d).

(d) Determination and disposition.—If, after the hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the de-

fendant to the custody of the Attorney General. The Attorney General shall hospitalize the defendant for treatment in a suitable facility—

(1) for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the trial to proceed; and

(2) for an additional reasonable period of time until—

(A) his mental condition is so improved that trial may proceed, if the court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the trial to proceed; or

(B) the pending charges against him are disposed of according to law;

whichever is earlier.

If, at the end of the time period specified, it is determined that the defendant's mental condition has not so improved as to permit the trial to proceed, the defendant is subject to the provisions of section 4246.

(e) Discharge.—When the director of the facility in which a defendant is hospitalized pursuant to subsection (d) determines that the defendant has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense, he shall promptly file a certificate to that effect with the clerk of the court that ordered the commitment. The clerk shall send a copy of the certificate to the defendant's counsel and to the attorney for the Government. The court shall hold a hearing, conducted pursuant to the provisions of section 4247(d), to determine the competency of the defendant. If, after the hearing, the court finds by a preponderance of the evidence that the defendant has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense, the court shall order his immediate dis-

charge from the facility in which he is hospitalized and shall set the date for trial. Upon discharge, the defendant is subject to the provisions of chapter 207.

(f) Admissibility of finding of competency.—A finding by the court that the defendant is mentally competent to stand trial shall not prejudice the defendant in raising the issue of his insanity as a defense to the offense charged, and shall not be admissible as evidence in a trial for the offense charged.

18 U.S.C. § 4241.

 It is apparent from the statute that a defendant cannot persuasively argue that a court, on the government's request, is precluded from inquiring into the competency of the defendant as a result of a prior competency determination by a magistrate, even if that determination remains unappealed. Since the district court undoubtedly had the power to order an inquiry into White's competency *sua sponte,* it is of little practical significance whether a second motion by the prosecutor in lieu of an appeal of the magistrate's determination was proper, and White cannot seriously contend that he was prejudiced by the district court's entertaining of the government's motion. The district court's prerogative to consider the issue is in no way dependent upon the tactical decisions of the parties. Indeed, under the federal statute, the district court has not only the prerogative, but the duty, to inquire into a defendant's competency whenever there is "reasonable cause to believe" that the defendant is incompetent to stand trial. Likewise, failure to order a hearing when the evidence raises a sufficient doubt as to a defendant's competence to stand trial deprives a defendant of due process of law. *Pate,* 383 U.S. at 385, 86 S.Ct. at 842; *Pate v. Smith,* 637 F.2d 1068, 1071 (6th Cir. 1981); *Noble v. Black,* 539 F.2d 586 (6th Cir.1976).

It is also clear that the statute in no way limits the court to a single inquiry into a defendant's competency. Indeed, § 4241 contemplates inquiry over a wide period of time—"[a]t any time after the commencement of a prosecution for an offense and prior to the sentencing of defendant"—and the holding of additional hearings, in light of the court's ultimate duty to search for the truth, is not contrary to the policy of the statute. *See United States v. Davis,* 365 F.2d 251, 254–55 (6th Cir.1966) (where the court was on notice that "something is amiss," it was not error for trial judge to order second competency hearing, after having adjudged defendant competent); *Feguer v. United States,* 302 F.2d 214, 239–40 (8th Cir.), *cert. denied,* 371 U.S. 872, 83 S.Ct. 123, 9 L.Ed.2d 110 (1962). Although motions under § 4241 should not be granted so routinely that the statute is reduced to a provision for an automatic continuance, it is within the sound discretion of the trial court to order a hearing on the competency of a defendant when, in its belief, there is "reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent." *United States v. Taylor,* 437 F.2d 371, 376 n. 7 (4th Cir.1971). The district court, therefore, was not required to reach the competency issue only through a review of the magistrate's determination.

Indeed, it is clear that the district court did not conduct a review of Magistrate Morgan's determination of competency. A reading of the district court's memorandum opinion indicates that although it reviewed the prior findings and orders of the magistrates, these orders were only considered as part of the evidence reviewed in deciding whether reasonable cause existed. The district court clearly was entitled to reopen the question of competency. Given the conflicting opinions of the magistrates and the medical personnel, all of whom found White incompetent to stand trial, the district court's belief that White might be incompetent to stand trial was not unreasonable.

Having found that the district court properly considered White's competency at the bond hearing, this court must next consider whether the court erred in applying § 4241. The district court concluded, after its review of the record evidence, that "by a preponderance of the evidence, there is reasonable cause to believe that the defen-

dant may be presently suffering from a mental disease or defect rendering him incompetent to the extent that he is unable to assist properly in his defense." Based on this finding, it ordered the Attorney General to take custody of White "for a period not to exceed four months for evaluation, treatment and therapy, and for a determination as to the probability that, in the foreseeable future, the defendant will attain the capacity to permit trial to proceed." Consideration of this order and a review of the transcript of the bond hearing indicate, and the government in its brief concedes, that the district court did not make any determination as to White's competency, but instead only found that there was reasonable cause to believe that the defendant was incompetent to stand trial. This court must, therefore, decide whether a four-month commitment order for evaluation of White's probability of recovery is proper under § 4241 upon a finding of reasonable cause to so believe.

 We conclude that the provision for a hearing is mandatory upon a determination of reasonable cause to believe that the defendant is incompetent to stand trial; consequently, the only commitment that is proper at this stage of the proceedings is one for a thirty-day examination under § 4241(b). That Congress intended that the defendant be provided a hearing before hospitalization for treatment is apparent from the provision that "the court *shall* grant the motion" for a hearing to determine mental competency or *"shall"* order such a hearing on its own motion" if reasonable cause to believe that defendant is incompetent to stand trial exists. 18 U.S.C. § 4241(a) (emphasis added). Use of the word "shall" indicates a mandatory intent unless a convincing argument to the contrary is made. *City of Edmonds v. United States Dept. of Labor*, 749 F.2d 1419 (9th Cir.1984). Legislative history forecloses any doubt that Congress intended that a hearing be mandatory. The Senate Report at various points indicates both that the court *"must* order a hearing ... if there is reasonable cause to believe that the defendant is presently incompetent to stand trial," and that "it is *mandatory* that the court order a hearing if there is reasonable cause." S.Rep. No. 225, 98th Cong., 1st Sess. 223, 224, *reprinted in* 1984 U.S.Code Cong. & Admin.News 3182, 3415, 3416 (emphasis added).

Manifestly, then, Congress intended that a defendant be provided the full panoply of procedural safeguards before a court may subject the defendant to commitment for an extended period of treatment. A court may not deprive a defendant of the opportunities to testify, present evidence, subpoena witnesses, and confront and cross-examine witnesses, as guaranteed by § 4241(c)'s incorportion of 18 U.S.C. § 4247(d), before a four-month commitment is ordered pursuant to § 4241(d). Accordingly, the district court erred in ordering White into the custody of the Attorney General for a four-month period.

The district court's order is VACATED, and the district court is instructed to either enter an order requiring a competency hearing within thirty days, or rule on the Motion for Bond Pending Trial.

The clerk is directed to issue the mandate of this court forthwith.