927 F.2d 605
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Paul A. DUFF, Defendant-Appellant.
 No. 91-3144.
 United States Court of Appeals, Sixth Circuit.
 Feb. 25, 1991.
 
 S.D. Ohio, 89-00215, Graham, J.
 S.D. Ohio
 APPEAL DISMISSED.
 Before BOYCE F. MARTIN Jr. and MILBURN, Circuit Judges; and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 The defendant appeals two district court orders committing him to the custody of the Attorney General for thirty days in order to be evaluated for his present mental competency and his competency at the time of trial. He now moves for release pending appeal. The government has responded in opposition. The defendant has replied.
 
 
 2
 The defendant was convicted in January 1990 for violations of 21 U.S.C. Sec. 841(a)(1). Following his conviction he obtained new counsel. The defendant later moved the district court for a determination of his mental competency at the time of trial and requested an evaluation to be made on an out-patient basis in a local facility. The defendant was examined by a psychologist. Subsequently, the district court concluded that additional evaluation was necessary and ordered that the defendant be committed to the custody of the Attorney General for thirty days to permit an in-patient evaluation in Springfield, Missouri. The district court denied reconsideration of that order and a stay of the order pending appeal. This appeal followed.
 
 
 3
 This court has jurisdiction in appeals from all final orders of district court. 28 U.S.C. Sec. 1291. In a criminal case, the final judgment for purposes of appeal is the sentence, and appellate review is generally prohibited until conviction and sentence. Flanagan v. United States, 465 U.S. 259, 263 (1984). Although a finding of incompetency and commitment is immediately appealable in some circumstances, see United States v. White, 887 F.2d 705 (6th Cir.1989); United States v. Baker, 807 F.2d 1315 (6th Cir.1986), we conclude that in this case the order is not immediately appealable. Here, the district court has yet to rule upon either the defendant's competency or his motion to vacate the judgment on grounds of incompetency at the time of trial. Rather, this is a "first-step order that the defendant be evaluated in order for the court to make a finding under Sec. 4241(d) ..." United States v. Gold, 790 F.2d 235, 239 (2d Cir.1986).
 
 
 4
 In an appropriate case a notice of appeal may be construed as a petition for a writ of mandamus. See Hammons v. Teamsters, Chauffeurs, Warehousemen & Helpers, Local No. 20, 754 F.2d 177 (6th Cir.1985). However, this is not a case in which the extraordinary relief of mandamus is appropriate. In the instant case, the defendant has raised the issue of his competency at trial some eight months after the fact. The district court initially considered the evaluations obtained locally on an out-patient basis as requested by the defendant. Further, the district court has statutory authority to commit a defendant to the Attorney General for an evaluation of competency, and that is all that he has done at this point. Accordingly, this case is distinguishable from In Re: Newchurch, 807 F.2d 404 (5th Cir.1986) which has been relied upon by the defendant.
 
 
 5
 It is therefore ORDERED that the defendant's appeal is dismissed sua sponte for lack of jurisdiction. His motion for release pending appeal is moot. Rule 9(b)(1), Local Rules of the Sixth Circuit.