961 F.2d 1577
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles G. GADDIS, Defendant-Appellant,
v.
UNITED STATES of America, Plaintiff-Appellee.
 No. 91-3885.
 United States Court of Appeals, Sixth Circuit.
 April 29, 1992.
 
 Before ALAN E. NORRIS and SUHRHEINRICH, Circuit Judges, and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Charles G. Gaddis appeals his conviction for failing to file tax returns in violation of 26 U.S.C. § 7203. We affirm.
 
 
 2
 * In March 1988 a federal grand jury charged Gaddis, a tax protester, with three counts of tax evasion in violation of 26 U.S.C. § 7201. On October 4, 1988 Gaddis entered a conditional guilty plea pursuant to Fed.R.Crim.P. 11(a)(2) and North Carolina v. Alford, 400 U.S. 25 (1970).
 
 
 3
 Because Gaddis later changed his mind, the government moved to rescind the plea agreement and to dismiss the superseding information. At a hearing on the government's motion, the district court expressed concern regarding Gaddis's mental competency. The court subsequently ordered a psychiatric evaluation of Gaddis pursuant to 18 U.S.C. § 4241(a).
 
 
 4
 Gaddis underwent three different psychiatric evaluations. Two of these evaluations--the examinations of Dr. Graves and Dr. Bensonhaver--found Gaddis competent to stand trial. At a hearing on June 1, 1990, Gaddis accepted the medical reports of Drs. Graves and Bensonhaver and waived the opportunity for a separate mental competency hearing. Gaddis also reported his intent to avoid compliance with the plea agreement. The court then granted the government's motion to vacate the plea agreement and to reinstate the original indictment.
 
 
 5
 Between June 1990 and February 1991 Gaddis filed a plenitude of unsuccessful motions. Before trial, Gaddis and the government again negotiated a conditional plea agreement charging Gaddis in a superseding information with three counts of willful failure to file tax returns. Gaddis then entered an Alford guilty plea and received a consecutive sentence of one year imprisonment and a $5,000 fine on each count. Gaddis was also ordered to file outstanding tax returns and to pay the costs of prosecution.
 
 II
 
 6
 Gaddis submits a five-point assignment of error. First, Gaddis claims that he was entitled to a competency hearing. He argues that (1) the reports of Drs. Graves and Bensonhaver were substandard, (2) Ohio law mandates a competency hearing, and (3) his waiver of a competency hearing on June 1, 1990 was the result of poor legal advice.
 
 
 7
 None of these arguments is persuasive. Arguably the June 1, 1990 hearing was a competency hearing. At that hearing the district court reviewed the three psychiatric evaluations and asked Gaddis and his attorney if they wished to pursue this matter further. Neither did.
 
 
 8
 Gaddis's reliance on Ohio law is misplaced. The proper authority is 18 U.S.C. § 4241(a), which provides that the court "shall order such a hearing on its own motion, if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense."
 
 
 9
 The mandatory hearing provided by section 4241(a) is plainly conditioned upon the court's finding of a "reasonable cause" to believe the defendant has a mental disease. United States v. White, 887 F.2d 705, 710 (6th Cir.1989). Absent such a finding the statute does not require a hearing. The district court's ruling was predicated on a review of the psychiatric evaluations and did not deny Gaddis any of the procedural protections to which he is entitled.
 
 
 10
 Gaddis also complains of a deprivation of his right to be provided with the statute requiring him to file a form 1040. The government submits that in light of Gaddis's subsequent guilty pleas this argument is "specious." Because we can find no authority requiring a court to comply with such requests made by a defendant, we are inclined to agree with the government.
 
 
 11
 Gaddis next assigns error to the district court's finding that the statute of limitations was not applicable. The record reveals a motion by Gaddis to dismiss Count 1 of the indictment as barred by the statute of limitations. Count 1 charged Gaddis with a willful attempt to evade taxes for 1980. The statute of limitations for this crime is six years. 26 U.S.C. § 6531(2). The statute of limitations began to run on April 15, 1981 and would normally have expired on April 15, 1987. The indictment was filed on March 17, 1988.
 
 
 12
 The court denied Gaddis's motion because the statutory period was tolled for more than 2 years while Gaddis attempted to quash third-party summonses. 26 U.S.C. § 7609(e)(1). Because the statute of limitations was tolled for over 2 years, the indictment was filed within the time limits set forth by the applicable statute.
 
 
 13
 Gaddis's next assignment of error concerns what he describes as the court's abrogation of his right to a jury trial. Gaddis submits several unsubstantiated allegations of judicial bias and of the court's attempt to undermine the Alford plea agreement.
 
 
 14
 At a hearing on February 6, 1991 Gaddis pled guilty to three counts of willful failure to file tax returns. The court meticulously reviewed with Gaddis each of the constitutional rights he was waiving as a result of the Alford agreement. For example, the court inquired of Gaddis whether he understood "that by pleading guilty this morning, even on a conditional basis, that you are giving up your right to a trial?" Gaddis replied, "Yes, sir." The record provides no support for Gaddis's allegations of unfairness.
 
 
 15
 Gaddis's final claim is that the IRS violated the Paperwork Reduction Act (PRA), 44 U.S.C. § 3501-3520, by failing to display a proper OMB number on its tax regulations and instructions. The PRA provides that "no person shall be subject to any penalty for failing to maintain or provide information to any agency if the information collection request ... does not display a current control number assigned by the Director." 44 U.S.C. § 3512. The result of this violation, Gaddis argues, is that any request by the IRS for the collection of tax information may be ignored.
 
 
 16
 Gaddis's reliance on the PRA runs afoul of our holding in United States v. Wunder, 919 F.2d 34 (6th Cir.1990). In Wunder, we held that regulations concerning tax returns "do not need a number because the requirement to file a tax return is mandated by statute, not by regulation. Defendant was not convicted of violating a regulation but of violating a statute which required him to file an income tax return." Id. at 38.
 
 
 17
 Following Wunder, the PRA does not apply to the statutory requirement violated by Gaddis. A statutory requirement, such as the requirement to file tax returns, is not an "information collection request" of the sort controlled by the PRA. The PRA is therefore irrelevant.
 
 III
 
 18
 Charles Gaddis's arguments for reversing his conviction for failure to file tax returns in violation of 26 U.S.C. § 7203 are meritless. Gaddis's conviction is affirmed.