**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50385 |
| Plaintiff - Appellee, | D.C. No. 3:08-cr-03679-H-1 |
| v. | |
| JORGE FARIAS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Marilyn L. Huff, District Judge, Presiding

Argued and Submitted December 3, 2012
Pasadena, California

Before: WARDLAW, BEA, and N.R. SMITH, Circuit Judges.

Jorge Farias appeals his judgment of conviction for attempted reentry into

the United States, after a prior deportation, in violation of 8 U.S.C. §1326. We

have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]        This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

The district court found that Farias was incompetent to stand trial and then committed him for treatment without first holding a competency hearing. We assume, without deciding, that under 18 U.S.C. § 4241(a), a court is required to conduct a competency hearing before it finds that a defendant is incompetent and commits him for restoration to competency. *See United States v. White*, 887 F.2d 705, 710 (6th Cir. 1989).

Even assuming the district court erred by not conducting a competency hearing before committing Farias, Farias' conviction is affirmed. The error in no way prejudiced Farias' subsequent prosecution for illegal reentry, and there is no remedy on direct appeal for this statutory violation, *see United States v. Magassouba*, 544 F.3d 387, 411 & n.16 (2d Cir. 2008), given that Farias was not convicted while adjudicated incompetent.

Farias's collateral attack on his underlying deportation, under 8 U.S.C. § 1326(d), also fails because his due process rights were not violated. Although he claims he did not receive notice of his 1998 deportation hearing, there is no dispute that his attorney received notice, which is sufficient to satisfy due process. *Popa v. Holder,* 571 F.3d 890, 897 (9th Cir. 2009); *Garcia v. INS*, 222 F.3d 1208, 1209 (9th Cir. 2000).

**AFFIRMED.**