NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 19a0123n.06

No. 16-4732

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Mar 14, 2019
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO |
| Plaintiff-Appellee, | ) | |
| v. | ) | |
| ANDREW DAVISON, | ) | |
| Defendant-Appellant. | ) | OPINION |

Before: BOGGS, BATCHELDER, and BUSH, Circuit Judges.

**JOHN K. BUSH, Circuit Judge.** Appellant Andrew Davison asks us to reverse his sentence on the grounds that the district court improperly imposed a crime-of-violence enhancement under the United States Sentencing Guidelines. Davison's sentence enhancement was based on a prior Ohio conviction for attempted felonious assault, which is no longer a crime of violence under a recent published opinion of our en banc court. *See United States v. Burris*, 912 F.3d 386, 402, 406–07 (6th Cir. Jan. 2019) (en banc). We therefore reverse and remand for resentencing.

Davison also challenges the validity of a search warrant; the imposition of two other Guidelines enhancements (one for possessing a weapon in connection with drug trafficking and one for attempting to obstruct justice); the substantive reasonableness of his sentence; and the district court's failure to order a competency hearing before allowing Davison to represent himself at trial. We affirm the district court as to all these other challenges.

## I

The undisputed facts of this case are straightforward: local law-enforcement officers in Elyria, Ohio, executed six controlled drug purchases in which a confidential informant bought cocaine from Appellant Andrew Davison. One of the controlled buys occurred in the driveway of 197 Warden Avenue, and police observed Davison travel to or from 197 Warden before or after other controlled buys.

Elyria Police Detective Chris Constantino filed an affidavit describing in detail the six controlled buys and thereby secured a warrant to search 197 Warden for evidence of drug trafficking. In executing that warrant, police found a shotgun and a loaded handgun in the master bedroom; Davison, a convicted felon, later confessed to having purchased the guns. Davison was charged federally with being a felon in possession of a firearm and with possessing marijuana and cocaine with intent to distribute. The government voluntarily dismissed the drug charges. Davison proceeded to jury trial on the firearm charge, the jury found him guilty, and the district court sentenced Davison to the statutory maximum—120 months of imprisonment.

## II

We review de novo the district court's determination that Davison's prior Ohio conviction for attempted felonious assault was categorically a crime of violence under USSG §4B1.2(a). At the time of sentencing, *Anderson v. United States* was controlling precedent in our circuit and dictated such a determination. *See Anderson*, 695 F.3d 390, 402 (6th Cir. 2012). As a result, following *Anderson*, the district court determined Davison's base offense level to be 20 (resulting in a Guidelines range of 110 to 120 months of imprisonment) rather than 14 (in which case Davison's Guidelines range would have been 63 to 78 months of imprisonment). In *Burris*, however, the en banc court overturned *Anderson* and held that Ohio's felonious-assault statute

2

(under which Davison's conviction for attempted felonious assault was secured) is not a crime of violence under the elements clause of USSG §4B1.2(a). *See Burris*, 2019 WL 92159, at *10, 14. *Burris* compels reversal here.

The government argues that if Davison's conviction is not a crime of violence under the elements clause, then it is categorically a crime of violence under the enumerated-offenses clause. That clause lists "aggravated assault" as a crime of violence. USSG §4B1.2(a)(2). But the enumerated-offenses clause contemplates only *actual* rather than *attempted* aggravated assault. On this basis alone, the enumerated-offenses clause does not apply. Furthermore, our en banc court held in *Burris* that "Ohio's felonious-assault and aggravated-assault are . . . too broad to categorically qualify as violent-felony predicates under the Guidelines enumerated-offenses clause." 2019 WL 92159, at *8. Thus, we have definitively decided that the enumerated-offenses clause does not apply to Davison's conviction. We therefore reverse and remand for resentencing.

### III

We now turn to Davison's remaining arguments: he challenges the validity of a search warrant; the imposition of two other Guidelines enhancements (one for possessing a weapon in connection with drug trafficking and one for attempting to obstruct justice); and the district court's failure to order a competency hearing before allowing Davison to represent himself at trial. We address these issues in turn, and we affirm as to each.[1]

---

[1] The district court must of course sentence Davison anew on remand, so our affirmance as to Davison's remaining two sentence-enhancement claims means that we affirm the district court's application of those enhancements, not that we affirm Davison's 120-month sentence. We resolve these two sentencing-enhancement claims so that the district court may again impose the same Guidelines enhancements in calculating Davison's new sentence. We decline, however, to address Davison's substantive-unreasonableness argument, because the substantive reasonableness of a sentence depends, among other things, upon its severity in relation to the applicable Guidelines range. Because we can neither predict nor dictate the manner in which the district court will resentence Davison on remand, we cannot prospectively rule on the substantive reasonableness of Davison's new sentence, nor do we have reason to rule on the substantive reasonableness of Davison's vacated sentence.

**A**

We review de novo the district court's denial of Davison's motion to suppress evidence found during the execution of the search warrant at 197 Warden Avenue, but we review underlying factual findings for clear error. *See United States v. Hockenberry*, 730 F.3d 645, 657 (6th Cir. 2013). A factual finding is clearly erroneous only if the record as a whole leaves us "with the definite and firm conviction that a mistake has been committed. This standard plainly does not entitle a reviewing court to reverse the finding of the trier of fact simply because it is convinced that it would have decided the case differently." *Kerman v. Comm'r*, 713 F.3d 849, 867 (6th Cir. 2013) (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985)). Davison bears the burden of establishing that an illegal search or seizure violated his Fourth Amendment rights, and we review the evidence in the light most favorable to the district court's decision. *See United States v. Sanford*, 476 F.3d 391, 394 (6th Cir. 2007).

Davison argues that there was insufficient probable cause to support the search warrant, and that the police therefore violated his constitutional rights when they entered 197 Warden.

The Fourth Amendment requires search warrants to issue only "upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. Federal courts judge the sufficiency of probable cause supporting a state search warrant under federal constitutional standards. *See United States v. Abernathy*, 843 F.3d 243, 249 (6th Cir. 2016).

To establish probable cause to search a home for drugs, there must be "a fair probability," given all the circumstances described in the affidavit, that drugs will be found in the home searched. *Peffer v. Stephens*, 880 F.3d 256, 272 (6th Cir. 2018) (quoting *United States v. Brown*, 828 F.3d 375, 383 (6th Cir. 2016)). So long as the judge who issued the warrant had a "substantial

basis" for believing there to be such a probability, we must affirm. *See United States v. Allen*, 211 F.3d 970, 973 (6th Cir. 2000) (en banc) (quoting *Illinois v. Gates*, 462 U.S. 213, 236 (1983)).

Here, the affidavit filed by Detective Constantino provides ample support for the belief that crack cocaine (the drug sold by Davison to the informant in each of the six controlled buys described in the affidavit) would be found at 197 Warden. The fourth drug buy, for example, required the informant to drive Davison to 197 Warden, where Davison entered the home and came back out to complete the transaction in the driveway. And the sixth transaction, which occurred the day before Detective Constantino filed his affidavit, occurred immediately after surveillance officers observed Davison leave his workplace in his Chevrolet Impala, drive to 197 Warden, enter the home, leave the home in the Impala, and then meet the informant to complete the buy.

Davison's primary argument is that because "there was no reliable information on the four-corners of the affidavit that 197 Warden was *Davison's home*," Appellant's Br. 13—that is, because the affidavit didn't establish that Davison necessarily *resided* at 197 Warden—there was therefore no reliable connection between Davison and the home that was searched. Davison relies on three cases to support this argument: *United States v. Carpenter*, 360 F.3d 591, 594 (6th Cir. 2004) (en banc); *United States v. Williams*, 544 F.3d 683, 687 (6th Cir. 2008); and *United States v. Yates*, 501 F. App'x 505, 510 (6th Cir. 2012). None of these cases helps Davison.

In *Carpenter*, we held en banc that helicopter surveillance identifying marijuana growing 900 feet from a residence was insufficient to establish probable cause to search the residence. But the affidavit in *Carpenter* provided *only* information about the location of the marijuana and the fact that a road was near the marijuana. *Carpenter*, 360 F.3d at 594. Indeed, the surveillance officers in *Carpenter* observed two men walking down beaten paths from the marijuana plants to the residence, but that information was absent from the affidavit; we stated that if the affidavit had

included that information, "the affidavit would likely have been sufficient to establish probable cause." *Ibid.* The affidavit in this case is even stronger than the hypothetically sufficient affidavit in *Carpenter*.

In *Williams* and *Yates*, we upheld search warrants where the affidavits described ongoing drug trafficking in order to support search warrants for the drug traffickers' residences. Davison seizes on these cases to argue that because the affidavit here did not establish that 197 Warden was Davison's residence, it was error to issue the warrant. But there is no reason to suppose that Davison needed to reside (or even stay as an occasional overnight guest, as he claims) at 197 Warden for the warrant to be valid. After all, Davison's observed behavior dealing drugs before or after driving cars that were later parked at 197 Warden, together with Davison's observed movements entering and exiting 197 Warden in close temporal proximity to the controlled drug buys, provide more than enough basis on which to establish probable cause to search the house, regardless of who might or might not reside there.

Davison next attacks the reliability of the confidential informant and points out that the affidavit does not provide a factual basis for the informant's trustworthiness or reliability; in essence, Davison attacks the informant as though the informant had provided merely an anonymous tip. Appellant's Br. 14–15. But the affidavit states that the informant had previously "provided services to the Elyria Police Narcotics Bureau." And we have held that the statements of an informant "whose identity was known to the police and who would be subject to prosecution for making a false report, are . . . entitled to far greater weight than those of an anonymous source." *United States v. May*, 399 F.3d 817, 824–25 (6th Cir. 2005); *see also United States v. Coffee*, 434 F.3d 887, 894 (6th Cir. 2006) (upholding search warrant where affidavit included officer's statements that he set up a controlled narcotics buy and that he adequately corroborated

information provided by a confidential informant, even though "there were no statements in the affidavit about the reliability of the CI").

Finally, Davison argues that "any probable cause that might otherwise have been provided by the alleged" fourth buy "had become stale" by the time police sought the search warrant. Appellant's Br. 16; *see United States v. Abboud*, 438 F.3d 554, 572–73 (6th Cir. 2006) (probable cause established by defendant's bank fraud in 1999 was not stale in 2002 when, after receiving an affidavit that established a continuous criminal enterprise spanning the three intervening years, a magistrate judge issued a search warrant to search the defendant's home).

The idea behind the staleness argument is that drugs are consumed over time, and probable cause must exist at the time a search is carried out, so, Davison argues, the earlier controlled buys can't support a finding of probable cause to suspect that drugs will still be found a month or more later. *See United States v. Leaster*, 35 F. App'x 402, 409 (6th Cir. 2002). But the sixth buy in the present case occurred the *day before* Detective Constantino sought the warrant to search 197 Warden. That the fourth buy occurred more than a month before the warrant was sought only helped to establish an ongoing drug-trafficking enterprise involving 197 Warden, and the probable cause established by the sixth buy inarguably remained fresh the next day.

In sum, the district court did not err in denying Davison's motion to suppress. The information provided within the four corners of the affidavit was more than enough to provide probable cause to search 197 Warden for evidence of drug trafficking.

**B**

We turn next to Davison's argument that his sentence is procedurally unreasonable because the district court wrongly applied a four-level enhancement for possession of a firearm in connection with drug trafficking and a two-level enhancement for attempted obstruction of justice.

We review the procedural reasonableness of the district court's sentencing decision "under a deferential abuse-of-discretion standard." *United States v. Yancy*, 725 F.3d 596, 598 (6th Cir. 2013) (citing *Gall v. United States*, 552 U.S. 38, 41 (2007)). The government must establish facts supporting a Guidelines enhancement by a preponderance of the evidence. *See United States v. Shields*, 664 F.3d 1040, 1043 (6th Cir. 2011).

**1**

A four-level enhancement under USSG §2K2.1(b)(6)(B) is warranted when the possession of a firearm "had some emboldening role in [a] defendant's felonious conduct." *United States v. Angel*, 576 F.3d 318, 321 (6th Cir. 2009) (upholding the enhancement where "the guns were found in an upstairs bedroom, a considerable distance from the marijuana plants found at the edge of the property line; only one of the firearms seized from the bedroom was loaded, and [the defendant] testified that his wife used it for protection; [and] there was no evidence that [the defendant] manufactured marijuana inside the house").

Here, the district court did not clearly err in its factual finding that Davison possessed the firearms in connection with the possession and distribution of drugs. Police found drugs in the bedroom where the guns (and Davison) were found, in the kitchen, and in the Chevrolet Impala that was parked in the driveway. The Impala was registered to Davison, and officers observed Davison drive the Impala in connection with three of the drug buys. Davison argues, again, that he did not reside at 197 Warden, but, again, that fact is of no consequence given the drug trafficking that police officers observed Davison engage in. Appellant's Br. 43–45. By at least a preponderance of the evidence, the government carried its burden below, and the district court did not abuse its discretion in applying the four-level enhancement.

**2**

The district court likewise did not abuse its discretion in applying the two-level enhancement for Davison's attempt to obstruct justice. The enhancement applies when

> (1) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (2) the obstructive conduct related to (A) the defendant's offense of conviction and any relevant conduct; or (B) a closely related offense.

USSG §3C1.1.

Davison, while in jail, called his girlfriend and dictated the text of an affidavit for her to deliver to the government's confidential informant, who in turn signed the document (in which he swore that he had not engaged in drug activity with Davison) before a notary. The informant, in court, later testified that the affidavit was false.

At Davison's sentencing hearing, the government played the entire phone call between Davison and his girlfriend. The court used that call, together with the confidential informant's testimony, as evidence to support its imposition of the enhancement. We have previously upheld the imposition of the two-level obstruction-of-justice enhancement when a defendant submitted a false affidavit or knowingly received the aid of a fellow inmate who submitted a false affidavit on his behalf. *See United States v. Fredell*, 79 F. App'x 799, 807–06 (6th Cir. 2003); *United States v. Delarosa*, 575 F. App'x 571, 580 (6th Cir. 2014). Davison, as he argued below, argues that his efforts to have the informant sign an affidavit were a legitimate part of his defense. Appellant's Br. 49–52. But Davison points to neither evidence nor legal authority in support of his position. That the informant later testified that the affidavit was false, Davison argues, does not prove that the affidavit was in fact false. That is, of course, logically correct. But in light of the unrebutted evidence that the district court considered, Davison cannot carry his burden on appeal of showing

that the district court clearly erred in determining that Davison willfully attempted to obstruct justice, or that the district court otherwise abused its discretion in applying the two-level enhancement.

## C

Finally, Davison contends that the district court erred in failing to hold a competency evaluation before allowing Davison to waive his right to counsel. We review for plain error because this issue was not preserved below.

Although the record contains ample evidence that it was probably unwise for Davison to represent himself at trial, the record also indicates that Davison waived his right to counsel "competently and intelligently." *Godinez v. Moran*, 509 U.S. 389, 396 (1993) (quoting *Johnson v. Zerbst*, 304 U.S. 458, 468 (1938)). Davison argues that a "district court has not only the prerogative, but the duty, to inquire into a defendant's competency whenever there is 'reasonable cause to believe' that the defendant is incompetent to stand trial," *United States v. White*, 887 F.2d 705, 709 (6th Cir. 1989) (per curiam), and that the "nature and tenor" of Davison's behavior, such as during a recorded interview with police officers, or when he "lost his temper in court and used profanity," established such "reasonable cause." Appellant's Br. 55–56.

Davison's poor behavior, espousal of bizarre legal theories, and ultimately unsuccessful trial lawyering, however, are not probative of Davison's competency to waive his right to counsel. Rather, the district court followed the "model inquiry," *United States v. Ross*, 703 F.3d 856, 867 (6th Cir. 2012) (describing series of questions that a district court should ask a defendant who wishes to represent himself, as set forth in the *Bench Book for United States District Judges*), in conducting the required colloquy with Davison—including advising Davison strongly against representing himself. And the district court had no "reason to doubt [Davison's] competence,"

10

*ibid.*, that would require it, *sua sponte*, to hold a competency evaluation.  Thus, the district court did not plainly err in allowing Davison to waive his right to counsel.

## IV

Accordingly, we **REVERSE** as to the sole issue of whether Davison's attempted-felonious-assault conviction qualifies as a crime of violence under the Guidelines, and we issue a **LIMITED REMAND** so that the district court may resentence Davison without the crime-of-violence enhancement.  *See United States v. Campbell*, 168 F.3d 263, 266 (6th Cir. 1999) ("The point of the limited remand is to inform the district court that a discrete issue has caused the need for review, but that complete reconsideration on resentencing is unnecessary and unwarranted. Such practice, if properly undertaken, not only can significantly expedite the district court's future work on the case, but also can substantially limit the possibility that this court will be confronted repeatedly with the same defendant, and the same sentence.").

In all other respects, we **AFFIRM**.