NOT RECOMMENDED FOR PUBLICATION
File Name: 26a0142n.06

No. 25-5252

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Mar 18, 2026
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
|  | ) | |
| Plaintiff - Appellee, | ) | ON APPEAL FROM THE UNITED |
|  | ) | STATES DISTRICT COURT FOR THE |
| v. | ) | WESTERN DISTRICT OF |
|  | ) | TENNESSEE |
| TERRANCE PATTERSON, | ) | |
|  | ) | OPINION |
| Defendant - Appellant. | ) | |
|  | ) | |
|  | ) | |

Before: BUSH, READLER, and DAVIS, Circuit Judges.

**JOHN K. BUSH, Circuit Judge.** Terrance Patterson pleaded guilty to being a felon in possession of a firearm and was sentenced to 88 months' imprisonment. He now argues that the district court erred by accepting his guilty plea without *sua sponte* ordering a competency hearing. He requests that we vacate his guilty plea and remand for a competency determination. We decline his request and **AFFIRM**.

**I.**

In 2023, a federal jury indicted Patterson for one count of possessing a firearm as a felon in violation of 18 U.S.C. § 922(g)(1), conduct that occurred on or about July 17, 2022. In 2024, he pleaded guilty to this charge in a written plea agreement. Under the terms of this agreement, the government agreed to recommend that he receive full credit for acceptance of responsibility and represented that it would not seek a sentencing enhancement under the Armed Career Criminal Act.

During the colloquy under Federal Rule of Criminal Procedure 11, the magistrate judge asked Patterson if he had "been treated recently for any mental illness or addiction to narcotic drugs of any kind"; Patterson replied that he had not. R. 60, Change of Plea Hr'g Tr., PageID 210. However, subsequent questioning revealed that, after receiving an eight-year sentence in 2022, Patterson either received or had continuously been receiving some sort of treatment while incarcerated.

Patterson also denied that he was "taking any prescription drugs," or that he was under the influence of any drugs (prescription or otherwise) or alcohol. *Id.* at PageID 212. Patterson's counsel confirmed that Patterson was competent to change his plea. Patterson confirmed that his counsel had informed him of the nature and elements of the charge against him and demonstrated understanding of the rights he was forfeiting by pleading guilty.

Nonetheless, Patterson appeared temporarily confused at the end of this portion of the colloquy. When the magistrate judge asked him if he understood that his guilty plea would waive all the rights previously discussed, he asked for some clarification: "So that means, like, later on down the line between now and sentencing, I can't take my plea back?" *Id.* at PageID 217. "That's exactly right," replied the magistrate judge. *Id.* Patterson responded that the magistrate judge was telling him something different than what his counsel had told him and he "[didn't] like that." *Id.* Patterson then conferred with his counsel.

After the brief conference, the magistrate judge went back and clarified that Patterson would not be able to further change his plea and explained that if he was "not sure that [he] want[ed] to plead guilty today," then she did not "want [him] to plead guilty today." *Id.* at PageID 219. Patterson responded: "I ain't really sure." *Id.* Counsel clarified that Patterson's uneasiness was not about the plea deal or his understanding of the consequences of pleading guilty.

Instead, Patterson's concern was that he would almost certainly not be allowed to withdraw his plea. The magistrate judge explained that Patterson would not be able to withdraw his guilty plea simply because he changed his mind. He said he understood this. The magistrate judge then asked him directly whether he wanted to change his plea or go to trial and emphasized that this was a "big" and "difficult decision." *Id.* at PageID 221. Patterson decided that he would "go on and take the plea" and said he understood the consequences of doing so. *Id.*

The magistrate judge then explained that the maximum penalty was fifteen years' imprisonment, and Patterson said he understood. Later, the magistrate judge addressed the Federal Sentencing Guidelines, and explained that the government had, as part of the plea deal, agreed to recommend a high-end Guidelines sentence. Patterson pointed out that the top range of his Guidelines was estimated at 96 months' imprisonment, and asked if that estimate could be right. The magistrate judge explained that any estimate would be preliminary because the Guidelines range would not be calculated until sentencing and that the final decision would rest with the district court judge. Patterson said he understood this. He also said he understood that the plea agreement recommendations were nonbinding and that the district court judge had discretion to hand down a different sentence.

This portion of the colloquy, however, did not end without some pushback from Patterson. The magistrate judge carefully pointed out that the district court judge could impose a harsher sentence than the one recommended in the plea agreement. Patterson replied: "I don't like that." *Id.* at PageID 235. The magistrate judge repeated that the district court judge would not have to follow the recommendation and that a harsher sentence would not be grounds to withdraw the

guilty plea.  Patterson said he understood.  Satisfied that Patterson was competent to enter a plea, and that his guilty plea was knowing and voluntary, the magistrate judge accepted the guilty plea.

Sentencing took place over two days.  On the first day, Patterson's counsel presented mitigating evidence that Patterson's mother had mental health issues, that serious mental health issues run in their family, and that Patterson possibly had undiagnosed attention deficit hyperactivity disorder.  Counsel opined that Patterson "would benefit from some kind of therapy." R. 63, Day 1 Sentencing Hr'g Tr., PageID 290.

On the second day of sentencing, Patterson explained that he keeps committing crimes "because I keep doing drugs.  I need help.  That's all."  R. 62, Day 2 Sentencing Hr'g Tr., PageID 311.  Patterson repeated that his drug problem was "the only problem."  He stated, "That's why I keep doing what I'm doing because I be under the influence.  When I'm sober, I got a good mind, but when I'm under influence, I do things that I wouldn't do."  *Id.* at PageID 312.

The district court ultimately imposed an 88-month sentence.  Patterson did not take this news well, immediately objecting that it was "still 15 years" and that "[counsel] told me something else."  *Id.* at PageID 317–18.  It is unclear what Patterson was saying he was told, but he seemed to suggest that he took the plea deal only because his counsel had predicted he would get a lighter sentence.  This did not dissuade the district court.  The district court responded that the sentence was "up to the [c]ourt and nobody else," and recommended that Patterson receive drug treatment while incarcerated.  *Id.* at PageID 318.  Dejected, Patterson asserted that "[b]y the time I get out I have to be good [anyway] . . . .  I won't even need treatment.  I'll be good anyway."  *Id.*

Patterson timely appealed.

4

## II.

Due process does not permit a court to convict a legally incompetent defendant. *Pate v. Robinson*, 383 U.S. 375, 378 (1966). A district court thus has the duty to inquire into competency "whenever there is reasonable cause to believe that the defendant is incompetent to stand trial." *United States v. Dubrule*, 822 F.3d 866, 879 (6th Cir. 2016) (quoting *United States v. White*, 887 F.2d 705, 709 (6th Cir. 1989)); 18 U.S.C. § 4241(a). And the standard of competency to stand trial is identical to the standard of competency governing guilty pleas. *Godinez v. Moran*, 509 U.S. 389, 397 (1993). Factors that contribute to reasonable cause—or absence thereof—include irrational behavior, demeanor, medical evidence, and defense counsel's opinion. *Dubrule*, 822 F.3d at 879. The most important factor, though, is the "ability to participate in court proceedings by giving coherent responses to questions from the court." *United States v. Alfadhili*, 762 F. App'x 264, 267 (6th Cir. 2019). We give great deference to the decision not to order a competency hearing because "[t]he bare record that [we] review[] on appeal is a poor substitute for the district court's personal observation of the defendant's demeanor and the district court's considered judgment of the defendant's ability to conduct trial proceedings." *United States v. Stafford*, 782 F.3d 786, 791 (6th Cir. 2015).

Our caselaw has not yet resolved whether we review the decision not to order a competency hearing for abuse of discretion or plain error when, as here, the defendant did not request such a hearing in the district court. *United States v. Day*, No. 22-3154, 2022 WL 17547518, at *3 (6th Cir. Dec. 9, 2022). We too leave that issue unresolved, as the district court did not abuse its discretion, much less plainly err.

**III.**

Patterson consistently demonstrated his competency to proceed during his change-of-plea hearing and at sentencing. At the change-of-plea hearing, defense counsel affirmed that Patterson was competent to enter his guilty plea. *See Dubrule*, 822 F.3d at 879 (stating that a "court may also consider an attorney's opinion about his client's competency"). Patterson indicated that he had read and understood his plea agreement. *See Alfadhili*, 762 F. App'x at 267 (stating that indicators of competency "include the ability to read and understand a plea agreement"). He consistently gave coherent answers to questions from the court. *See id.* (stating that the "most frequently cited factor" in determining competency is the "ability to participate in court proceedings by giving coherent responses to questions from the court"); *Eley v. Bagley*, 604 F.3d 958, 966 (6th Cir. 2010) (finding defendant competent in part because "[h]is answers . . . were cogent"). When he expressed disagreement or confusion with the pleading process—like his inability to withdraw his guilty plea or the district court's discretion to hand down a harsher sentence than recommended—he successfully resolved these issues by communicating with his counsel and with the district court. *See Alfadhili*, 762 F. App'x at 267 (stating that indicators of competency include "cooperat[ing] with defense counsel [and] engag[ing] with legal arguments"); *United States v. Coleman*, 871 F.3d 470, 478 (6th Cir. 2017). Rather than "chaotic and confusing," Appellant Br. 26, Patterson's behavior demonstrated a rational mind struggling with a difficult and consequential decision. And such struggle, along with the "flip-flopping" or "trouble making up his mind," indicates "angst, not a lack of understanding of the plea's consequences." *United States v. McIntosh*, 29 F.4th 648, 656 (10th Cir. 2022).

Further, Patterson's allocution at sentencing was cogent, articulate, and rational. *See Coleman*, 871 F.3d at 477; *Day*, 2022 WL 17547518, at *3 (noting that the defendant "spoke

cogently at the hearing"). Patterson apologized for his behavior's impact on the public, his community, and his family, and explained that he engaged in criminal behavior solely because of his drug addiction. As he stated in his allocution, he has "a good mind" but does "things that [he] wouldn't do" when under the influence of drugs. R. 62, Day 2 Sentencing Hr'g Tr., PageID 312.

Just as striking as the evidence for Patterson's competency is the lack of record evidence of incompetency. The record contains no medical evidence of any mental health issue (apart from drug addiction). In fact, the presentence report states that Patterson had never received mental health treatment or experienced any symptoms of mental or emotional health issues, and that there was no documented evidence suggesting otherwise. Additionally, the record contains nothing that would indicate Patterson was under the influence of drugs during the relevant hearings, and Patterson confirmed he was sober during his change-of-plea hearing. Although the hearing transcripts reveal temporary misunderstandings and occasional frustration, the misunderstandings were easily remedied, and mere frustration is not indicative of incompetency.

Patterson's arguments in response do not convince.

Patterson argues his change-of-plea hearing indicated possible past treatment for mental illness. However, that portion of the colloquy was almost certainly discussing treatment for drug addiction. Elsewhere, Patterson openly acknowledged his struggles with addiction, his failure to stay clean, and the link between his addiction and his criminality. His counsel suggested Patterson had never received mental health treatment, and the presentence report confirmed he had never received such treatment. Given that context, the best read of the relevant exchange is that Patterson received treatment for drug addiction while incarcerated in 2022, the treatment failed to cure his addiction, and his continued drug use led to the instant felon-in-possession charge. In sum, the

magistrate judge did not abuse her discretion by forgoing a competency hearing notwithstanding this portion of the colloquy.

Patterson also points to his family history of serious mental illness. But he provides no evidence that this history was passed on to him. Patterson's mother's speculation that he may suffer from undiagnosed ADHD is similarly unconvincing. A competency hearing may not be required even when the defendant has previously been diagnosed with schizophrenia. *Mackey v. Dutton*, 217 F.3d 399, 414 (6th Cir. 2000); *Day*, 2022 WL 17547518, at *4 (holding that "a defendant's mental illness alone," even if his conditions include paranoid schizophrenia, "does not automatically signal" incompetency when the defendant displays "mental acumen" throughout the proceedings). Mere family history and lay opinion are therefore insufficient.

The cases to which Patterson analogizes are either inapposite or cut the other way. *Day* declined to find sufficient evidence of incompetency to vacate a guilty plea even where the defendant had been diagnosed with paranoid schizophrenia. 2022 WL 17547518, at *4. *United States v. Winnick* involved a defendant who said he was under the influence of psychiatric medication during his plea colloquy, unlike Patterson, who testified he was not under the influence of any drugs or medication. 490 F. App'x 718, 719 (6th Cir. 2012). And *United States v. McIntosh* involved a defendant who said he had been prescribed psychiatric medication, but had not been taking it, and therefore that "his judgment was not 'right' as a result." 29 F.4th at 657. This is in stark contrast to Patterson, who never said he had been prescribed psychiatric medication and never told the district court anything to call into question his present state of mind.

Simply stated, the district court did not abuse its discretion by refusing to inquire into Patterson's competency to plead guilty *sua sponte*. And to the extent Patterson separately argues that his plea did not comport with Fed. R. Crim. P. 11(b), we likewise lack any reason to doubt whether Patterson's plea was knowing and voluntary. We therefore **AFFIRM**.